IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30010 |
| | ) | |
| MICHAEL EVAN THOMPSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

On June 27, 2007, this Court held a hearing on a Motion to Withdraw (d/e 11) filed by Defendant Michael Thompson's attorneys Daniel Fultz and Jeff Page. According to the Motion to Withdraw, the Government advised attorneys Fultz and Page that it intended to call them as witnesses against Defendant Thompson with respect to some counts of the Superseding Indictment (d/e 9), creating a conflict of interest. However, at the hearing on the Motion to Withdraw, defense counsel expressed an opinion that the information at issue may be covered by attorney-client privilege. The defense asked the Court to hold the Motion to Withdraw in

1

abeyance and to allow the parties to brief the attorney-client privilege issue. The Court allowed this request, and the matter is now fully briefed. <u>Defendant's Brief as to Whether Certain Conversations with Counsel are Protected by Attorney/Client Privilege (d/e 19) (Defendant's Brief)</u>; <u>Government's Response to Defendant's Brief Whether Certain Conversations with Counsel are Protected by the Attorney/Client Privilege (d/e 23) (Government's Response)</u>; <u>Defendant's Reply as to Whether Certain Conversations with Counsel are Protected by Attorney/Client Privilege (d/e 24) (Defendant's Reply)</u>. After considering the parties' submissions, the Court finds that the February 1, 2007, telephone call between Thompson and Attorney Fultz is not protected by the attorney-client privilege.

The Seventh Circuit has recognized the essential general principles governing the attorney-client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

<u>United States v. Evans</u>, 113 F.3d 1457, 1461 (7th Cir. 1997) (internal

quotations and citation omitted). Defendant Thompson, as the party seeking to invoke the privilege, bears the burden of proving all of its essential elements. Id. Because it is in derogation of the search for truth, privilege must not be lightly created or expansively construed. United States v. Nixon, 418 U.S. 683, 710 (1974).

The Government asserts, among other things, that the February 1, 2007, telephone conversation was not made in confidence as required for the privilege to attach. According to the Government, Thompson waived any privilege he may have had by disclosing the information in a telephone conversation that he knew was being recorded. As an initial matter, the Court notes that Defendant's Brief asserts that "[u]nbeknownst to the Defendant, and to counsel, [various telephone conversations between January 30 and February 7, 2007] were being recorded by the Mason County Jail . . . ." Defendant's Brief, p. 2. Defendant, however, has presented no evidence to support this assertion. Indeed, in Defendant's Reply, Defendant acknowledges that, at some point during the February 1, 2007, conversation, "Defendant became concerned that the conversation taking place between Attorney Fultz and himself would possibly be overheard." Defendant's Reply, p. 4.

3

The Government asserts that both Defendant Thompson and Fultz knew that their telephone conversation was being recorded. In support of this assertion, the Government has presented a transcript of the telephone call. <u>Government's Response</u>, Ex. A, <u>Transcript of February 1, 2007, Telephone Conversation (Transcript)</u>. Defendant Thompson does not challenge the validity of the proffered transcript. The Transcript reveals that Thompson was on the telephone line when a recorded voice announced, "This call is subject to monitoring and recording." <u>Id</u>., p. 1. Later in the conversation, when Fultz began to discuss the fact that a gentleman had come to his office on Thompson's behalf with $20,000.00 in cash, Thompson cautioned, "Whoa, whoa, Dan, I'm on their phone, man." <u>Id</u>. Fultz replied, "That's okay, there's no problem. I'm not going to say anything, uh, I'm not going to say anything that's a problem here." <u>Id</u>., p. 2. Given the record evidence, it is clear that Thompson and Fultz knew that their conversation might be overheard.

It is well-established that "[t]he attorney-client privilege shields only those communications by a client to an attorney that were intended to be confidential." <u>Evans</u>, 113 F.3d at 1462. The Seventh Circuit, addressing recorded jail telephone calls in the context of the marital communications

4

privilege, noted that, given the well-known need for correctional institutions to monitor inmate conversations, communications made in the course of such telephone conversations could not be considered confidential. United States v. Madoch, 149 F.3d 596, 602 (7th Cir. 1998). While the Seventh Circuit has not addressed the recorded inmate call issue as it relates to the attorney-client privilege, the Court believes that the ruling in Madoch would logically extend to a recorded attorney-client telephone conversation. The Eighth Circuit addressed the issue of attorney-client privilege as it relates to recorded inmate telephone conversations in United States v. Hatcher, 323 F.3d 666 (8th Cir. 2003). The Hatcher Court held as follows:

> The presence of the prison recording device destroyed the attorney-client privilege. Because the inmates and their lawyers were aware that their conversations were being recorded, they could not reasonably expect that their conversations would remain private. The presence of the recording device was the functional equivalent of the presence of a third party. These conversations were not privileged.

Id. at 674. The Court finds the Hatcher Court's logic to be persuasive and adopts it in the present case. In the instant case, Fultz and Thompson were aware that their February 1, 2007, telephone conversation was being recorded; thus, they could not reasonably expect that its substance would remain private. Thompson fails to show that the communication at issue

was made in confidence, an essential element of the attorney-client privilege. Therefore, Thompson fails to show that the information exchanged in the February 1, 2007, telephone call is privileged.

THEREFORE, the Court finds that the February 1, 2007, telephone call between Thompson and Attorney Fultz is not protected by the attorney-client privilege. The Motion to Withdraw remains pending. The parties are granted until August 31, 2007, to inform the Court of any proposed accommodations that would allow Attorneys Fultz and Page to remain as counsel for Thompson.

IT IS THEREFORE SO ORDERED.

ENTER:  August 8, 2007.

    FOR THE COURT:

                                                 s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                     UNITED STATES DISTRICT JUDGE