UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30010 |
| ) | |
| MICHAEL EVAN THOMPSON, ) | |
| ) | |
| Defendant. ) | |

OPINION

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

Before the Court is Defendant's Motion to Compel Government to Disclose Information Regarding Cooperation (d/e 32), memorandum in support (d/e 33), and the Government's Response and Objection (d/e 34). After the Court's receipt of the above listed pleadings, the Court directed the Government to submit to the Court for an *in camera* review all reports and statements of Jason Holman and Dossie Sanders. (See text order of December 5, 2007.) On December 13, 2007, the Government complied with the Court's order and tendered to the Court for an *in camera* review all reports requested. The Government, in its Certificate of Compliance (d/e 35), advised that the reports tendered related only to Dossie Sanders, and the Government did not possess any additional documents regarding Jason Holman. On December 13, 2007, the Court conducted an *in camera*

review of the reports submitted. Those reports in no way mention or deal with Defendant Thompson. They relate to a separate and unrelated investigation where Sanders cooperated with law enforcement. The reports themselves reflect steps taken by law enforcement to corroborate what Sanders advised concerning this other unrelated investigation. Nothing in the reports reviewed by the Court shows any inconsistencies in what Sanders advised law enforcement that could be used for impeachment of Sanders.

With the above stated, the Court is well aware of the holdings of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Those cases have been the law of this land for a long period of time. The Court has also reviewed United States v. Henderson, 337 F.3d 914 (7th Cir., 2003) to see if Henderson stands for the propositions raised by Defendant in his Motion to Compel (d/e 32). The Court respectfully disagrees with Defendant. Even the most broad reading of Henderson does not require the Court to order the Government to provide as pretrial discovery these unrelated reports as requested by Defendant.

WHEREFORE, Defendant's Motion to Compel Government to Disclose Information Regarding Cooperation (d/e 32) is DENIED. The Clerk is directed to file, UNDER SEAL, the original reports reviewed by the

undersigned *in camera*.  The sealed reports of Sanders are not to be viewed by counsel of record herein absent a future Court order.  The Court is directing these documents be filed sealed herein to make the record complete.

ENTER:  December 14, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE